**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ben Jason Hughey,

Plaintiff,

v.

Banner Health,

Defendant.

No. CV-26-06395-PHX-DWL

**ORDER**

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff's gross monthly income is $6,000. No one is relying on him for support. Plaintiff's monthly income equates to an annual income of approximately $72,000, which far exceeds the current federal poverty guidelines for a one-person household ($15,940).[1]

[1] *Available at* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2026-poverty-

*Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services."). Plaintiff's expenses are high, but they do not reflect unusual circumstances that are beyond Plaintiff's control (*e.g.*, high medical bills). Plaintiff pays $486.51 per month for his Jeep and $496.29 per month for a recreational vehicle ("RV"). Plaintiff asserts that his "necessary monthly expenses" include payments on both his primary and recreational vehicle, as well as $277 per month for credit card debt and $300 per month on retail purchases. But these expenses are not "necessary"—Plaintiff has ample discretionary income, which he spends on luxury purchases. This does not justify a finding of poverty for purposes of proceeding in forma pauperis. Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses." *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025).

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **October 2, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **October 2, 2026**.

Dated this 14th day of September, 2026.

Dominic W. Lanza
United States District Judge

guidelines-computations